IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

Tallahassee Division

KATE CALVIN, JOHN NELSON,
CHARLES J. PARRISH, LONNIE GRIFFIN
and CONCERNED UNITED PEOPLE,

        Case No.: 4:15-cv-00131-MW-CAS

    Plaintiffs,

vs.

JEFFERSON COUNTY BOARD OF
COMMISSIONERS, JEFFERSON COUNTY
SCHOOL BOARD, and MARTY BISHOP,
SUPERVISOR OF ELECTIONS, in his official
capacity,

    Defendants.

_____/

**PLAINTIFFS' [*PROPOSED*] REPLY TO DEFENDANTS' RESPONSE
TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, by and through counsel, hereby file this reply to Defendants' Response to Plaintiffs' Cross-Motion for Summary Judgment and state as follows:

Defendants assert for the first time in their Response that inmates at the Jefferson Correctional Institution (JCI): (1) are able to petition Defendants for redress of their grievances, presumably related to their conditions of confinement although Defendants do not specify; (2) benefit from the county's educational system because it allegedly is a training ground for future JCI corrections officers although there is no evidence in the record as to how many corrections officers even went to Jefferson County schools to support such a blanket assertion; and (3) JCI inmates benefit from public services that

1

directly aid in their "well-being and safety," as well as that of the inmates' family members. ECF 36 at 7.

The parties engaged in several months of discovery and at no point did Defendants produce any evidence that those incarcerated at JCI petition Jefferson County officials with any regularity, or that county officials have ever considered the needs or interests of the persons incarcerated at JCI, thus making officials receptive to such outreach. The record does not contain a single communication from anyone incarcerated at JCI to a District 3 Board Commissioner or School Board Member - the two elected officials in Jefferson County who specifically represent the geographic area where JCI is located - to corroborate Defendants' assertion that inmates actually wield political power in the county and have used it to their benefit. Furthermore, there is nothing in the record to support Defendants' suggestion that county elected officials communicate with, interact with, seek the support of, or ascertain the views of the JCI population. Therefore, Defendants do not have a factual basis upon which to argue that elected officials meaningfully engage persons incarcerated at JCI.

Defendants did not present any evidence to counter the fact that persons not from Jefferson County make up the vast majority of the JCI population. The Department of Corrections, for example, only identified nine (9) people out of the 1,157 inmates who were actually convicted in Jefferson County. Exhibit E to Cooper Expert Report, ECF 31-1 at 51-53. This is less than .0077% of the more than 1,000 people incarcerated at the prison. Under Florida law, those who did not live in Jefferson County prior to becoming incarcerated do not become domiciled at their prison address by virtue of their incarceration and are not considered residents for voting purposes. Fla. Stat. § 101.045.

This is unsurprising since it is undisputed that persons present at JCI have no choice or discretion as to where they are incarcerated.  *See* Fla. Stat. § 944.17(2).  Thus, inmates at JCI do not voluntarily choose to join the Jefferson County community, which is an essential element of effecting a change of domicile.  *See Mitchell v. United States*, 88 U.S. 350, 353 (1874) ("There must be the *animus* to change the prior domicile for another.  Until the new one is acquired, the old one remains.").

Moreover, to the extent JCI inmates do benefit from public services such as garbage collection, utilities, and water and sewer, these are services that are provided county-wide and have nothing to do with District 3 in particular where JCI is located.  At best, Defendants' statements to this effect would support treating those incarcerated at JCI as "at-large" residents whose population should be spread out among several districts rather than concentrated into a single district where they constitute a whopping 43.2% of the voting age population.

In contrast to Defendants' unsupported assertions, Plaintiffs presented evidence that unequivocally establishes that persons incarcerated at JCI are isolated from the rest of the community and do not contribute to or benefit from any aspect to civic life in Jefferson County in the way that actual residents of the county do, even including non-citizens and children.  Pls.' Cross-Mot. for Summ. J., ECF 30 at 4, 11-12.  Given these undisputed facts, no reasonable factfinder could conclude that counting the entire non-resident population at JCI serves the goals of either representational or electoral equality.[1]

---

[1] Defendants maintain that the two 2001 Attorney General Opinions firmly established that they had to include the incarcerated population at JCI while redistricting.  ECF 36 at 9 n.5.  However, "opinions of the Attorney General are not statements of law,"

3

As the School Board concedes, the maximum deviation between the most and least populous districts is approximately 42.63% when the JCI inmate population is excluded. Jefferson County School Board's Response to Request No. 11 in Plaintiffs' First Request for Admissions, ECF 30-7 and 30-8; ECF 36 at 11. If those incarcerated at JCI made up less than 10% of the district or anywhere close to that number, perhaps Defendants would have had a stronger argument. However, in this case, the fact that the non-resident inmates at JCI constitute almost half of District 3's voting age population renders Defendants' redistricting plans unconstitutional and dilutes the voting strength of those residents in neighboring districts – a clear violation of the one person, one vote principle.

For the reasons stated in Plaintiffs' Cross-Motion for Summary Judgment, Plaintiffs' respectfully request that the Court grant their motion and deny Defendant's motion for summary judgment.

Date:   November 10, 2015

                                        Respectfully submitted,

                                        */s/Nancy G. Abudu*
                                        Nancy Abudu (Fla. Bar No. 111881)
                                        nabudu@aclufl.org
                                        */s/Shalini Goel Agarwal*
                                        Shalini Goel Agarwal (Fla. Bar No. 90843)
                                        sagarwal@aclufl.org
                                        ACLU Foundation of Florida, Inc.
                                        4500 Biscayne Blvd., Suite 340
                                        Miami, FL 33137
                                        Tel: 786-363-2700
                                        Fax: 786-363-1448

---

and Defendants cannot hide behind the Attorney General's misinterpretation of state law as support for a continuing violation of federal law.  *Bunkley v. Florida*, 882 So.2d 890, 897 (Fla. 2004); *Leadership Hous., Inc. v. Dep't of Revenue*, 336 So.2d 1239, 1241 (Fla. 4th DCA 1976) (reaching a contrary legal conclusion from that of the Attorney General).

>Randall C. Berg, Jr. (Fla. Bar No. 318371)
>rberg@FloridaJusticeInstitute.org
>Dante P. Trevisani (Fla. Bar No. 72912)
>dtrevisani@FloridaJusticeInstitute.org
>Florida Justice Institute, Inc.
>100 SE Second St., Ste. 3750
>Miami, FL 33131-2115
>Tel: 305-358-2081
>Fax: 305-358-0910
>
>*Attorneys for the Plaintiffs*

## Certificate of Service

I hereby certify that on November 10, 2015, I sent this document to counsel for the parties listed below in the manner prescribed.

>*/s/ Shalini Goel Agarwal*
>Shalini Goel Agarwal

**By CM/ECF:**

| | |
|---|---|
| Gerald B. Curington | Zackery A. Scharlepp |
| Ausley McMullen, P.A. | Linda Bond Edwards |
| P.O. Box 391 (32302) | Rumberger, Kirk & CaldwelL |
| 123 S. Calhoun Street | A Professional Association |
| Tallahassee, FL 32301 | 215 South Monroe Street, Suite 702 |
| Email: jcurington@ausley.com | Post Office Box 10507 |
| mmckenzie@ausley.com | Tallahassee, Florida 32302-2507 |
| | Telephone: (850) 222-6550 |
| *Attorneys for Defendant Jefferson County School Board* | E-mail: ledwards@rumberger.com |
| | dmarsey@rumberger.com |
| | zscharlepp@rumberger.com |
| | |
| | *Attorneys for Defendants Jefferson County Board of County Commissioners and Marty Bishop, Supervisor of Elections, in his official capacity* |